Chase E. BURK, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 24425.

Missouri Court of Appeals,
Southern District,
Division Two.

April 11, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole E. Gorovsky, Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondent.

JOHN E. PARRISH, Judge.

The Director of Revenue appeals a judgment setting aside the revocation of Chase E. Burk's (petitioner) driving privilege for failure to submit to a chemical test as required by § 577.041.[1] This court reverses and remands with directions.

Petitioner sought and was granted a hearing in circuit court following the director's revocation of his driving privilege for refusing to submit to a chemical test to determine his level of blood alcohol after he was stopped for a traffic violation. *See*

---

1. References to statutes are to RSMo 2000.

§ 577.041.3. The trial court set aside the revocation on the basis that the stipulated evidence on which the case was tried disclosed "no proof of qualification of officer to administer the breathalyser [sic] test, and finds no proof of refusal."

The director presents one point on appeal. The director contends the trial court erred in setting aside the revocation because the undisputed evidence was that petitioner refused a breath test and there is no requirement for proof that the officer stopping a driver and submitting a report of the driver's refusal to submit to the required test was qualified to administer that test. The director argues the trial court misapplied the law and that the judgment was against the weight of the evidence.

The director and petitioner stipulated to the admission of the arresting officer's Alcohol Influence Report. The case was submitted to the trial court on the basis of that report. No other evidence was presented.

The Alcohol Influence Report states that petitioner was stopped two times during the early morning hours of February 17, 2001, for traffic violations. The second stop was for speeding. Petitioner did not immediately yield to the officer's attempt to stop. When he was apprehended, the officer observed a strong odor of intoxicants coming from petitioner and his vehicle. Petitioner's eyes were bloodshot and had poor reaction to light. His balance and walk were swayed and his speech was slurred. Petitioner was arrested. A 12–pack of beer and two open cans of beer were found in his vehicle.

The arresting officer's report states that petitioner was requested to submit to a chemical test of his breath to determine his blood alcohol content; that petitioner was informed that if he refused to take the test, his driver's license would immediately be revoked for one year and evidence of his refusal could be used as evidence against him in court. The report recites that petitioner refused to take the test.

■ Appellate review is undertaken pursuant to Rule 84.13(d) in that this case was tried before the trial court without a jury. The decision of the trial court is to be affirmed unless it is not supported by substantial evidence, is against the weight of evidence, or erroneously declares or applies the law. *Morris v. Director of Revenue*, 59 S.W.3d 654, 655 (Mo.App.2001).

■ A trial court's review of a revocation of driving privilege for failure to submit to a chemical test is limited to determining whether the petitioner was arrested, whether the officer had reasonable grounds for believing the petitioner was intoxicated, and whether the petitioner refused to submit to the test.[2] *Berry v. Director of Revenue*, 885 S.W.2d 326, 328 (Mo. banc 1994). *See* § 577.041.4. The Alcohol Influence Report stated facts that would prove these elements. It was uncontradicted. Evidence adduced by an Alcohol Influence Report is sufficient to establish the elements required to uphold revocation of driving privileges pursuant to § 577.041. *Lyons v. Director of Revenue*, 36 S.W.3d 409, 411 (Mo.App.2001); *McCabe v. Director of Revenue*, 7 S.W.3d 12, 14 (Mo.App.1999).

The trial court judgment setting aside petitioner's revocation recited a lack of evidence that the arresting officer was qualified to administer the breathalyzer test. Revocation of driving privileges pursuant to § 577.041 does not require a finding that a properly qualified officer is reasonably available to administer the test.

**2.** The evidence was that petitioner was over the age of 21 years.

**688**

*Fredrickson v. Director of Revenue,* 55 S.W.3d 460, 464–65 (Mo.App.2001); *Turpin v. King,* 693 S.W.2d 895, 896–97 (Mo. App.1985).

The judgment reinstating petitioner's driving privilege was against the weight of the evidence. It erroneously applied the law. The director's point on appeal is granted. The judgment is reversed. The case is remanded. The trial court is directed to enter judgment upholding the director's revocation of petitioner's driving privilege.

GARRISON, P.J., and PREWITT, J., concur.