Donald G. DOTZAUER, Respondent,

v.

DIRECTOR OF REVENUE, STATE
OF MISSOURI, Appellant.

No. ED 82713.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 24, 2004.

Rehearing Denied April 1, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Cheryl Caponegro Nield, Jefferson City,
MO, for appellant.

Timothy F. Devereux, Clayton, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

The Missouri Director of Revenue ("Director") appeals the judgment overturning Director's revocation of the driving privileges of Donald G. Dotzauer ("Driver") for driving while intoxicated. We reverse and remand.

Shortly after midnight on May 13, 2002, Officer Michael Connon, a patrolman for the City of Eureka, was dispatched to investigate a motor vehicle accident involving a sport utility vehicle (SUV) in a ditch. After locating the vehicle, Officer Connon determined that the SUV had collided with a pickup truck in an accident on the highway. Officer approached Driver, who was standing near the SUV. Driver told the Officer that he owned the SUV and had been driving it when it collided with the pickup.

Officer Connon observed that Driver smelled of alcohol and his eyes were bloodshot, watery and staring. He slurred and mumbled when he spoke. Driver told Office Connon that he'd had too much to drink. When asked if he would consent to field sobriety tests, Driver said it didn't matter because he couldn't pass them. Officer Connon told him it was his decision and Driver said he wouldn't refuse.

Driver did poorly on the horizontal gaze-nystagmus, one leg stand and alphabet tests. Office Connon arrested Driver for driving while intoxicated and transported him to the police station. He advised Driver of his rights and read him the Missouri Implied Consent law. Driver said he would take the test. Officer Connon began to interview Driver. At 12:47 a.m., Driver asked to contact his attorney. He looked up the number and left a message on his attorney's answering machine. Officer Connon told Driver it was up to him if he wished to answer the interview questions and he could choose not to answer any of the questions or Officer Connon could read the questions and he could choose not to answer any he found objectionable. Driver told Officer Connon he wanted him to read the questions and Officer Connon took down his answers. Officer Connon administered the breath test at 1:08 a.m. The test showed that Driver had a blood alcohol content ("BAC") of .173%. Driver presented no evidence.

The trial court found that Officer Connon had probable cause to arrest Driver but Director failed to show a blood alcohol concentration of over .08%. Specifically, the court found "Police Officer failed to wait 20 minutes after request for an attorney by petitioner to give breath test." This appeal followed.

■ In driver's license revocation cases, we must affirm the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Neeley v. Director of Revenue*, 104 S.W.3d 797, 801 (Mo.App.2003). However, deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict. *Marsey v. Director of Revenue*, 19 S.W.3d 176, 177 (Mo.App.2000). In a license revocation case, a trial court cannot disregard uncontroverted evidence that supports the fact that all elements of the Director's case were met. *Sweatt v. Director of Revenue*, 98 S.W.3d 926, 928 (Mo.App.2003).

■ Director's sole point on appeal urges the trial court erred in restoring Driver's driving privileges because its ruling misapplies the law and is against the weight of the evidence in that (1) Driver never refused the test, so section 577.041

RSMo[1] was inapplicable; (2) Driver was nonetheless given 20 minutes in which to attempt to contact an attorney and (3) Driver abandoned his attempt to contact an attorney. We find the second contention to be dispositive.

■ To establish a prima facie case, the Director must show by a preponderance of the evidence that; (1) the arresting officer had probable cause to arrest the driver for driving while intoxicated, and (2) that the driver's BAC was at least .08% or more at the time of the arrest. *Endsley v. Director of Revenue*, 6 S.W.3d 153, 158 (Mo. App.1999). The trial court found that the arresting officer had probable cause to arrest Driver for driving while intoxicated and that finding has not been challenged on appeal. The uncontroverted evidence also established that driver's breath was tested, with his consent, and revealed he had a BAC of .173%, well in excess of the legal limit. Thus, Director made a prima facie case and Driver presented no evidence to controvert it.

■ The trial court apparently disregarded Director's uncontroverted evidence of Driver's excessive BAC on the ground that Officer Connon did not wait 20 minutes to give the breath test after Driver requested to speak to an attorney. The only conceivable source for the trial court's reference to 20 minutes is section 577.041.1 which provides, in pertinent part:

If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it

shall be deemed a refusal. In this event, the officer shall, on behalf of the director of revenue, serve the notice of license revocation personally upon the person and shall take possession of any license to operate a motor vehicle issued by this state which is held by that person.

This statute is relevant when the Director revokes driving privileges for refusal to take a breath test. Under such circumstances, Driver's refusal to take the test is part of the Director's prima facie case. *Mount v. Dir. of Revenue*, 62 S.W.3d 597, 599 (Mo.App.2001). In this case, Driver consented to take the test so it is irrelevant whether Driver had an opportunity to consult counsel about the consequences of refusing the test. *See Crabtree v. Dir. of Revenue*, 65 S.W.3d 557, 558 (Mo.App.2002) ("in a non-refusal case, no contact with an attorney is required for admission of the test results under the statute.")

In any event, the trial court's finding that Officer Connon failed to wait 20 minutes to administer the test after Driver requested to contact an attorney is not supported by the record. Office Connon's report, which was admitted into evidence, establishes that, after consenting to take the test, Driver made a request to contact an attorney at 12:47 a.m. The test was administered at 1:08 a.m., which is 21 minutes later. Thus, assuming *arguendo* that the statute has any application where the driver consents to the test, the trial court's finding that Officer Connon failed to wait 20 minutes before administering the test is contrary to the record.

Accordingly, we reverse the judgment and remand with directions to reinstate

1. All references are to RSMo 2000 unless otherwise noted.

the Director's action against Driver's license.

BOOKER T. SHAW, P.J., and PATRICIA L. COHEN, J., concur.