**Glenn A. HUSKEY, Jr., Respondent**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 26855.

Missouri Court of Appeals, Southern District, Division One.

Feb. 15, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondent.

JOHN E. PARRISH, Judge.

The Director of Revenue appeals a judgment setting aside the revocation of the driving privilege of Glenn A. Huskey, Jr., (petitioner) for failure to submit to a chemical test as required by § 577.041.[1] This court reverses and remands with directions.

Petitioner sought and was granted a hearing in circuit court following the director's revocation of his driving privilege for refusing to submit to a chemical test to determine his level of blood alcohol after he was stopped for traffic violations. *See* § 577.041.3. The director submitted certified records of the Department of Revenue to make a prima facie case that (1) petitioner was arrested; (2) petitioner refused to submit to a chemical test to determine his blood alcohol content; and (3) that the arresting officer had reasonable grounds to believe petitioner was intoxicated. *See* § 302.312. No other evidence was presented. The trial court set aside the revocation of petitioner's driving privilege. The trial court, in reaching its decision in this case, inquired, "How do I determine the

---

1. References to statutes are to RSMo 2000.

credibility of the person who filled out this report?"

■ The director presents one point on appeal. The director contends the trial court erred in setting aside the revocation because the undisputed evidence was "that [petitioner] was arrested upon reasonable grounds to believe he was driving while intoxicated and he refused to submit to a test to determine the alcohol content of his blood"; that the trial court misapplied the law and that the determination was against the weight of the evidence and was not supported by substantial evidence in that the Department of Revenue records were "admissible and [were] not rendered inadmissible or incredible because of a purported inability to cross-examine a witness or witnesses." This court agrees.

■ The Alcohol Influence Report that was included in the Department of Revenue records admitted in evidence was undisputed evidence of the elements required for revocation of petitioner's driving privilege. There was no contradictory evidence. "Evidence adduced by an Alcohol Influence Report is sufficient to establish the elements required to uphold revocation of driving privileges pursuant to § 577.041." *Burk v. Director of Revenue,* 71 S.W.3d 686, 687 (Mo.App.2002). "Deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict." *Justice v. Director of Revenue,* 890 S.W.2d 728, 730 (Mo.App. 1995).

The director's point on appeal is granted. The judgment reinstating petitioner's driving privilege was against the weight of the evidence. It erroneously applied the law. The judgment is reversed. The case is remanded. The trial court is directed to enter judgment upholding the director's revocation of petitioner's driving privilege.

RAHMEYER, P.J., and LYNCH, J., concur.