John F. BURDYNSKI, Respondent

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant

No. 27022.

Missouri Court of Appeals, Southern District. Division One.

March 30, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Deputy Solicitor, Jefferson City, for appellant.

No appearance, for respondent.

PARRISH, J.

## REVERSED AND REMANDED WITH DIRECTIONS

The Director of Revenue appeals a judgment that reversed the director's order that the driving privileges of John Burdynski (plaintiff) be revoked. This court reverses and remands with directions to enter judgment reinstating the director's revocation of plaintiff's driving privileges.

Plaintiff brought this action pursuant to § 577.041.4.[1] He sought review of the order that directed that his driver's license be revoked. The case is reviewed by this court pursuant to Rule 84.13(d). "This Court will affirm the trial court's judgment unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law." *Verdoorn v. Director of Revenue,* 119 S.W.3d 543, 545 (Mo. banc 2003).

The director ordered that plaintiff's driving privileges be revoked for refusing a breath test. On December 18, 2004, plaintiff was operating a truck in Jasper County. His truck was observed traveling erratically. A Jasper County law enforcement officer stopped him. The officer noticed a moderate odor of alcohol about plaintiff's person, and that his eyes were bloodshot and his speech slurred. Following plaintiff failing field sobriety tests, he was taken to the Carthage Police Department. After being advised of requirements of Missouri's implied consent law, plaintiff expressed the wish to consult with an attorney. However, when permitted to use the telephone, he called his wife at their Houston, Texas, residence.

---

1. References to statutes are to RSMo 2000.

Plaintiff was provided a telephone at 2:15 a.m. The arresting officer's report that was admitted in evidence states that after calling his wife, plaintiff received a call from a bail bondsman at 2:35 a.m.; that after talking to the person, plaintiff handed the telephone to the officer. The officer's report states that the bondsman wanted to know if a bond had been set and was advised that no bond was set. The report states that at 2:37 a.m., the implied consent law was again read to plaintiff; that plaintiff declined to take a breath test until he could "talk to a judge." The report states that the officer "marked the driver as refusing chemical testing."

Plaintiff testified. He said the officer who took him to the police station told him he could use the phone; that when the officer got a telephone for plaintiff to use, the phone was not working properly. Plaintiff estimated that it took the officer "at least five minutes" to make the phone operable, after which plaintiff made a telephone call.[2] He called his wife. Plaintiff was asked the following questions and gave the following answers:

Q. As soon as you completed that phone call, what happened?

A. The officer walked me from the phone back to the other side of the room, set me on the bench, went back to his desk, and asked me once again what—you know, he—he basically—more or less he demanded an answer, did I refuse or not.

Q. And I said, "Look, I need advice from a lawyer."

A. And he goes, "I'm putting that down as a refusal."

. . . . .

Q. All right. Did you again ask the opportunity to contact a lawyer?

A. I asked if I could use the phone again.

Q. And what did he say when you asked to use the phone the second time?

A. "Your 20 minutes is over."

The trial court found that plaintiff was not allowed "the statutory time to consult an attorney." It ordered "that [the director] and Department of Revenue, is hereby stayed from revoking the driving privileges of [plaintiff], Texas Drivers License Number 12497740, as a result of his alleged refusal to submit to chemical tests on or about January 10, 2005, in Jasper County, Missouri."

■ The director asserts one point on appeal. The director argues that the trial court erred in reinstating plaintiff's driving privileges; that the ruling was "against the weight of the evidence and unsupported by substantial evidence, in that [plaintiff] was arrested upon reasonable grounds to believe he was driving while intoxicated and refused a breath test insofar as while he testified that it took five minutes for the officer to get the phone to work and he asked for more time to contact counsel after phoning his wife, his testimony was not time-specific as to when he asked to make additional calls and, in any event, he suffered no prejudice because his wife called him back outside of the twenty-minute window with the thoughts of a bondsman, not the number of an attorney or the advice of counsel."

In a proceeding where a person's license has been revoked for failure to submit to a chemical test, the circuit court shall determine only (1) whether or not the person was arrested; (2) whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle in an intoxicated condition; and (3) whether

2. Plaintiff stated he was not wearing a watch and did not observe a clock.

or not the person refused to submit to the test.

*Parres v. Director of Revenue,* 75 S.W.3d 311, 313–14 (Mo.App.2002). *See* § 577.041.4.

At trial plaintiff did not challenge that he had been arrested or that the arresting officer had reasonable grounds to believe he was driving a motor vehicle in an intoxicated condition; neither did the trial court specifically address those issues in the findings included in its judgment. Rather, the trial court directed its finding to whether plaintiff refused to submit to the breath test the arresting officer requested.

■ This court has examined the record and concludes the unequivocal and uncontradicted evidence was that the officer arrested plaintiff and that the officer had reasonable grounds to believe plaintiff was driving his vehicle while in an intoxicated condition. "In license revocation cases, a trial court is not free to disregard unequivocal and uncontradicted evidence that supports [the] Director's contentions." *Zimmerman v. Director of Revenue,* 72 S.W.3d 634, 636 (Mo.App.2002). Thus, the only issue for discussion is whether plaintiff refused to submit to the breath test the arresting officer requested.

Section 577.041.1 provides, with respect to a request for counsel, "If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal." Section 577.020.1 provides, with respect to administration of tests, "Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to ... a chemical test or tests of the person's breath, blood, saliva or urine for the purpose of determining the alcohol or drug content of the person's blood ...."

■ The time in which a person arrested on an alcohol driving violation may delay taking a breath test for purposes of talking to an attorney is triggered by a specific request to do so. *State v. Foster,* 959 S.W.2d 143, 146 (Mo.App.1998). According to the arresting officer, this occurred at 2:15 a.m. Plaintiff estimated that it took five minutes for the officer to make the telephone work properly. Plaintiff then called his wife at their Texas residence. Mrs. Burdynski's sister, Joyce Granberry, was with Mrs. Burdynski at the Burdynski residence. Plaintiff's call was received on a speaker phone. Both Mrs. Burdynski and Ms. Granberry participated in the call.

■ After plaintiff's call was received, Mrs. Burdynski and Ms. Granberry attempted to reach a bail bondsman. Following a conversation with a bail bondsman, Mrs. Burdynski attempted to contact plaintiff. Telephone records indicate that a call from the Burdynski residence to the Jasper County Jail was made at 2:40 a.m., more than 20 minutes after the telephone was provided for plaintiff's use following his request for an attorney. Calculated from when plaintiff says the phone became operable, five minutes after its retrieval, 20 minutes had passed. Plaintiff had not contacted an attorney during that time.

The purpose of the twenty-minute time requirement of § 577.041.1 "is to provide a person with a reasonable opportunity to contact an attorney." *Bacandreas [v. Dir. of Revenue],* 99 S.W.3d [497] at 500 [ (Mo.App.2003) ]. This purpose "is met when the driver attempts to contact an attorney unsuccessfully and the twenty minute statutory period expires or the driver abandons the attempt." *McMas-*

ter v. Lohman, 941 S.W.2d 813, 817 (Mo. App.1997).

Kotar v. Director of Revenue, 169 S.W.3d 921, 925 (Mo.App.2005).

Plaintiff was given the opportunity to contact an attorney. He chose to call his wife. Mrs. Burdynski and Ms. Granberry attempted to assist plaintiff by placing calls from the Burdynski residence in Texas. They did not attempt to reach plaintiff to report the results of their calls until 20 or more minutes expired following plaintiff's request for an attorney.

Plaintiff took no additional steps on his own behalf during the time he was permitted to do so. His lack of effort was an abandonment of any further attempt to talk to an attorney. The director's point on appeal is granted. The judgment ordering reinstatement of plaintiff's driver's license is reversed. The case is remanded with directions that the trial court enter judgment reinstating the director's order revoking plaintiff's driver's license.

RAHMEYER, P.J., and LYNCH, J., concur.