**Rodney FURNE, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 66416.**

Missouri Court of Appeals, Western District.

Aug. 28, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 2007.

Application for Transfer Denied Dec. 18, 2007.

Heidi C. Doerhoff, Assistant Attorney General, Jefferson City, MO, for appellant.

Frank C. Devries, Kansas City, MO, for respondent.

Before JAMES M. SMART, Presiding Judge, JOSEPH M. ELLIS, Judge and EDWIN H. SMITH, Judge.

JOSEPH M. ELLIS, Judge.

The Director of Revenue for the State of Missouri appeals from a judgment entered in the Circuit Court of Clay County setting aside the Director's revocation of Rodney Furne's driving privileges for refusing to submit to a chemical test of his blood alcohol level. The court found that the Director failed to sufficiently establish that the arresting officer had reasonable grounds to believe that Furne was driving a motor vehicle while intoxicated. For the following reasons, we affirm the trial court's judgment.

At 9:16 p.m. on June 16, 2005, Trooper Ronald Meade of the Missouri Highway Patrol stopped Furne in his vehicle along Route JJ north of Missouri City, Missouri. Eventually, Trooper Meade placed Furne under arrest for driving while intoxicated and requested that he take a chemical test of his blood alcohol level. After Furne refused to submit to such a test, Trooper Meade asked Furne to surrender his drivers' license and issued Furne a notice of revocation of his driving privilege by the Department of Revenue. Furne sought review of that revocation in the Circuit Court of Clay County. Following an evidentiary hearing, the Circuit Court found that the Director had failed to demonstrate that Trooper Meade had reasonable cause to believe that Furne had been driving while intoxicated and, on that basis, ordered the Director to reinstate Furne's driving privileges. The Director brings one point on appeal.

■ "Section 577.041.3 mandates that the Director revoke, for one year, the driver's license of a person under arrest for DWI for refusing, when requested by the arresting officer, to submit to a chemical

test, authorized by § 577.020." *Flaiz v. Director of Revenue,* 182 S.W.3d 244, 248 (Mo.App. W.D.2005). "If a person's license has been revoked because of the person's refusal to submit to a chemical test, such person may petition for a hearing before a circuit or associate circuit court in the county in which the arrest or stop occurred." *§ 577.041.4.* At such a hearing, the Director bears the burden of proving (1) that the person was arrested, (2) that the officer had reasonable grounds to believe the individual was driving while intoxicated, and (3) that the person refused to submit to the chemical test. *Engelage v. Director of Revenue,* 197 S.W.3d 197, 201 (Mo.App. W.D.2006). If the circuit court determines that one or more of these elements have not been proven, the court is required to order the Director to reinstate the individual's driving privileges. *Storck v. Director of Revenue,* 59 S.W.3d 545, 548 (Mo.App. E.D.2001).

In the case at bar, Furne conceded that he had been arrested and that he had refused to submit to a chemical test when requested by Trooper Meade. Thus, the only issue tried by the parties was whether Trooper Meade had reasonable grounds to believe that Furne had been driving while intoxicated. After hearing the evidence, the trial court issued its judgment expressly finding that Furne's evidence was more credible than that presented by the Director and that the Director had failed to meet its burden of proving that the officer had reasonable grounds to believe Furne was driving while intoxicated.[1] On that basis, the court ordered Furne's driving privileges reinstated.

On appeal, the Director contends that the trial court's findings were not sup-ported by substantial evidence and were against the weight of the evidence. The Director then points to evidence that she believes supports a finding that Trooper Meade had reasonable grounds to believe Furne had been driving while intoxicated.

This Court reviews the trial court's decision in a driver's license revocation case under the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). *Engelage,* 197 S.W.3d at 198. "Accordingly, the trial court's decision will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it misstates or misapplies the law." *Id.* (internal quotation omitted).

■ "Reasonable grounds" to arrest a driver for driving while intoxicated is virtually synonymous with "probable cause" to arrest the driver. *Hinnah v. Director of Revenue,* 77 S.W.3d 616, 621 (Mo. banc 2002). " 'Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense.' " *Id.* (quoting *State v. Tokar,* 918 S.W.2d 753, 767 (Mo. banc 1996)).

The Director argues that she presented evidence from Trooper Meade that Furne made an illegal left turn, that he smelled moderately of alcohol, that his eyes were bloodshot and dilated, that his movements were a little sluggish, that he was unable to complete the one-leg stand, and that he refused to take a portable breath test. The Director contends that the trial court had to accept all of that evidence as credible because, with the exception of some photographs going to the reasonableness of his turn, Furne did not present contra-

---

1. Specifically, the court found: "Upon a full consideration of the evidence adduced on the sole issue 'of whether the arresting officer had reasonable grounds to believe that Petitioner was driving a motor vehicle while in an intox-icated or drugged condition,' the Court finds the Petitioner's evidence more credible and that the Respondent has failed to meet its burden."

dictory evidence and simply relied on discrediting the officer through cross-examination. The Director further claims that the officer's testimony was not effectively discredited and that the evidence presented mandates a finding that the officer had reasonable cause.

In making her argument, the Director insists that we need not afford any deference to the trial court's findings. That position is, however, clearly contrary to the most recent controlling decisions of the Missouri Supreme Court.

In *York v. Director of Revenue*, 186 S.W.3d 267 (Mo. banc 2006), the Missouri Supreme Court, although finding that the evidence presented as to the indicia of intoxication was uncontroverted, concluded that "the trial court, in its discretion, was free to draw the conclusion that there was no probable cause based upon its assessment of th[e] evidence and the officer's own equivocation of the existence of probable cause." *York*, 186 S.W.3d at 272. Thus, the Court gave deference to the trial court's judgment even though considering uncontroverted evidence.

The Missouri Supreme Court further clarified the standard of review to be applied in alcohol related drivers license suspension and revocation cases in *Guhr v. Director of Revenue*, 228 S.W.3d 581 (Mo. banc 2007). Therein, the Supreme Court reaffirmed the application of the *Murphy v. Carron* standard of review to such cases and noted that, where the facts of a case are contested, an appellate court must defer to the trial court's determination regarding those facts. *Id.* at 585 n. 3. As in any other civil case, it is only where the relevant facts are uncontested between the parties that the issue is solely legal and there are no findings of fact for the appellate court to defer to. *Id.* The Supreme Court further reaffirmed the principle that "the trier of facts has the right to disbelieve evidence, *even when it is not contra-*

*dicted.*" *Id.* (emphasis added and internal quotation omitted).

Thus, *York* and *Guhr* reaffirmed that there is but one standard of review in court tried civil cases, that of *Murphy v. Carron*, no matter what the subject matter of the individual case might be. This clarification was necessitated by a line of appellate court decisions that had strayed from the *Murphy v. Carron* standard of review in alcohol related drivers license suspension and revocation cases. Those cases opted not to defer to the credibility determinations and the weight given the evidence by the trial court where the driver did not present evidence contradicting that of the Director. *See e.g., Huskey v. Director of Revenue*, 183 S.W.3d 628, 629 (Mo.App. S.D.2006); *Ruth v. Director of Revenue*, 143 S.W.3d 741, 746 (Mo.App. S.D.2004); *Dotzauer v. Director of Revenue*, 131 S.W.3d 371, 372–73 (Mo.App. E.D.2004); *Innis v. Director of Revenue*, 83 S.W.3d 691, 694, 697 (Mo.App. W.D. 2002); *Wilson v. Director of Revenue*, 35 S.W.3d 923, 925–26 (Mo.App. W.D.2001); *Sutton v. Director of Revenue*, 20 S.W.3d 918, 923 (Mo.App. S.D.2000); *Marsey v. Director of Revenue*, 19 S.W.3d 176, 177–78 (Mo.App. E.D.2000); *Myers v. Director of Revenue*, 9 S.W.3d 25, 28 (Mo.App. E.D. 1999); *Pendergrass v. Director of Revenue*, 4 S.W.3d 599, 601 (Mo.App. E.D. 1999); *Middleton v. Director of Revenue*, 992 S.W.2d 904, 907 (Mo.App. S.D.1999); *McDaniel v. Lohman*, 989 S.W.2d 688, 691–92 (Mo.App. S.D.1999); *Wisdom v. Director of Revenue*, 988 S.W.2d 127, 130–31 (Mo.App. S.D.1999); *Holley v. Lohman*, 977 S.W.2d 310, 311–12 (Mo.App. S.D. 1998); *Kienzle v. Director of Revenue*, 944 S.W.2d 326, 328 (Mo.App. S.D.1997); *Pool v. Lohman*, 936 S.W.2d 195, 196–97 (Mo. App. S.D.1996); *Fischer v. Director of Revenue*, 928 S.W.2d 424, 425–26 (Mo.App. S.D.1996); *Renfro v. Director of Revenue*, 927 S.W.2d 945, 948 (Mo.App. S.D.1996); *Justice v. Director of Revenue*, 890 S.W.2d

728, 730–32 (Mo.App. W.D.1995). Some cases carried things a step further and went so far as to hold that "[i]n license revocation cases, a trial court is not free to disregard unequivocal and uncontradicted evidence that supports [the] Director's contentions." *Burdynski v. Director of Revenue*, 192 S.W.3d 483, 486 (Mo.App. S.D.2006) (internal quotation omitted); *see also Brandon v. Director of Revenue*, 161 S.W.3d 909, 912 (Mo.App. E.D.2005); *Middlemas v. Director of Revenue*, 159 S.W.3d 515, 517 (Mo.App. S.D.2005); *Webb v. Director of Revenue*, 157 S.W.3d 769, 772 (Mo.App. E.D.2005); *Spry v. Director of Revenue*, 144 S.W.3d 362, 367 (Mo.App. S.D.2004); *Curnutt v. Director of Revenue*, 142 S.W.3d 225, 227 (Mo.App. S.D.2004); *McCarthy v. Director of Revenue*, 120 S.W.3d 760, 761 (Mo.App. E.D.2003); *Sweatt v. Director of Revenue*, 98 S.W.3d 926, 928 (Mo.App. S.D.2003); *Zimmerman v. Director of Revenue*, 72 S.W.3d 634, 636 (Mo.App. S.D.2002).

As *Guhr* makes clear, the trial court is free to disbelieve even uncontradicted evidence and testimony, and it is only where the facts are uncontested, and not where the evidence is not contradicted, where no deference is due to the trial court. *Guhr*, 228 S.W.3d at 585 n. 3. Thus, even where the evidence is not contradicted, unless the facts of the case are not contested in any way, this Court must give deference to the trial court's determination as to whether the evidence established reasonable cause to believe the individual whose license was revoked was driving while intoxicated. *Id.; York*, 186 S.W.3d at 272.

■ In the case at bar, the Director fails to perceive the distinction between uncontradicted evidence and uncontested facts. The Director relies on testimony from Trooper Meade that Furne made an illegal left turn, that he had a moderate smell of alcohol on him, that his eyes were bloodshot and dilated, that he was "for

that time of night, a little sluggish," that he was unable to complete the one-leg stand test, and that he refused to take a portable breath test. Furne did not concede those facts, and most of the testimony relied upon by the Director to establish her prima facie case was challenged by Furne through the cross-examination of the officer. *Engelage*, 197 S.W.3d at 202–03; *see also Howdeshell v. Director of Revenue*, 184 S.W.3d 193, 199 (Mo.App. S.D.2006) (noting that "a legitimate factual dispute or credibility determination is presented by … cross-examination of a witness for the Director which raises a legitimate credibility dilemma with respect to a material aspect of the Director's case"). The officer acknowledged on cross-examination that he had not indicated that Furne's eyes were bloodshot anywhere in the alcohol incident report, despite having a box on the form to so indicate. Likewise, the officer admitted during cross-examination that he had not indicated that Furne was sluggish anywhere in his report. Moreover, the officer conceded on cross-examination, as reflected in his report, that Furne's balance and turning were fair and that he was cooperative until asked to take a portable breath test. In addition, Furne introduced photographs of the intersection where he made his turn to demonstrate the reasonableness of his decision to turn where he did.

In its judgment, the trial court expressly found Furne's evidence more credible than that presented by the Director, implicitly finding at least some of the officer's testimony was not credible. As noted *supra*, the trial court was entitled to accept or reject all, part, or none of that testimony, even if it is uncontradicted. *Guhr*, 228 S.W.3d at 585 n. 3; *Engelage*, 197 S.W.3d at 198. The trial court also expressly found that the Director failed to meet her burden of proving the officer had reasonable grounds for believing Furne was driving while intoxicated.

Under the applicable standard of review, we must defer to the trial court's credibility findings, its weighing of the evidence, and its resultant determination that the officer lacked reasonable cause to believe Furne was driving while intoxicated. In this case, depending upon the weight given to the evidence presented, the evidence could support a conclusion either way. In such an instance, we defer to the factual finding made by the trial court. *York*, 186 S.W.3d at 272; *Guhr*, 228 S.W.3d at 585 n. 3. Point denied.

The judgment is affirmed.

SMART, J. concurs in result only.

EDWIN H. SMITH, Judge, participated in oral arguments but was not a member of the court when this opinion was handed down.