Michael J. MULLEN, Respondent,

v.

DIRECTOR OF MISSOURI DEPART-
MENT OF REVENUE, Appellant.

No. WD 69874.

Missouri Court of Appeals,
Western District.

June 9, 2009.

Jonathan M. Hensley, Jefferson City, MO, for Appellant.

Matthew D. Lowe, Clinton, MO, for Respondent.

Before JAMES EDWARD WELSH, P.J., VICTOR C. HOWARD, and ALOK AHUJA, JJ.

JAMES EDWARD WELSH, Presiding Judge.

The Director of Revenue appeals the circuit court's judgment setting aside the Director's suspension of Michael J. Mullen's driving license for driving while intoxicated. The circuit court found that the Director did not establish that the arresting officer had probable cause to believe that Mullen was driving while intoxicated. The Director contends that the circuit court's judgment is against the weight of the evidence and misapplies the law. We disagree and affirm the circuit court's judgment.

The evidence established that, on the evening of June 13, 2007, around 8:48 P.M., Missouri State Highway Patrol Corporal Steven L. Lutjen responded to a dispatch concerning a vehicular accident involving injuries on Route KK, just south of Route H, in Henry County, Missouri. Twenty minutes later when he arrived at the scene, Lutjen saw a white Ford pickup truck lying on its top in a hay field. Several emergency vehicles and paramedics were already present at the scene and were tending to Mullen, who was lying on a backboard near the passenger side of the overturned truck. Other bystanders were also present at the scene. Lutjen walked directly from his vehicle to Mullen and did not stop to talk to anyone before approaching Mullen. At some point, Lutjen had learned from the dispatcher that the overturned truck belonged to Hilty Quarries, Inc.

Lutjen spoke to Mullen while Mullen was lying on the backboard. Lutjen noticed that Mullen's eyes were bloodshot and watery, that Mullen's speech was slurred and mumbled, and that a strong odor of intoxicants was present on or about Mullen's person. Mullen told Lutjen that he had consumed six margaritas. Lutjen asked Mullen to submit to a preliminary breath test, and Mullen performed the preliminary breath test while lying on his back. The sample provided by Mullen on the preliminary breath test indicated that Mullen's blood alcohol content was in excess of the legal limit. Lutjen then placed Mullen under arrest

for driving while intoxicated. Prior to arresting Mullen, Lutjen did not ask Mullen whether or not he had been driving the truck, and Lutjen did not ask any witnesses who were present if Mullen had been driving at the time of the accident. After arresting Mullen, Lutjen learned from witnesses that Mullen had been driving the truck.

Mullen was transported by life flight helicopter to Research Hospital in Kansas City. A blood test at the hospital indicated that Mullen's blood alcohol content was in excess of the legal limit.

The Director held an administrative hearing and suspended Mullen's driving license. Mullen filed a petition for a trial de novo with the circuit court, and the circuit court set aside the Director's suspension of Mullen's driving license. The circuit court concluded:

> Having had the opportunity to observe the demeanor of the witnesses ... and after carefully considering and weighing all of the credible evidence, the Court finds that [Mullen] was not arrested upon probable cause to believe that he was driving a motor vehicle while the blood alcohol concentration in his blood, breath, or urine was 0.08% or more by weight.

The Director appeals.

In its appeal, the Director asserts that the circuit court's determination that the arresting officer did not have probable cause to believe that Mullen was driving while intoxicated is against the weight of the evidence and misapplies the law. We disagree.

■ We must affirm the circuit court's judgment unless it is not supported by substantial evidence, is against the weight of evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Ver-*

*doorn v. Dir. of Revenue,* 119 S.W.3d 543, 545 (Mo. banc 2003). "We accept as true all evidence and inferences in favor of the prevailing party and disregard contrary evidence." *White v. Dir. of Revenue,* 227 S.W.3d 532, 534 (Mo.App.2007). "If the facts of a case are contested, then this Court defers to the trial court's determinations regarding those facts." *Guhr v. Dir. of Revenue,* 228 S.W.3d 581, 585 n. 3 (Mo. banc 2007). If the facts are not contested then, as in any other civil case, "the issue is solely legal and there are no findings of fact for the appellate court to defer to." *Furne v. Dir. of Revenue,* 238 S.W.3d 177, 180 (Mo.App.2007); *Guhr,* 228 S.W.3d at 585 n. 3. Moreover, as this court concluded in *Furne:*

> [T]he trial court is free to disbelieve even uncontradicted evidence and testimony, and it is only where the facts are uncontested, and not where the evidence is not contradicted, where no deference is due to the trial court. Thus, even where the evidence is not contradicted, unless the facts of the case are not contested in any way, this Court must give deference to the trial court's determination as to whether the evidence established reasonable cause to believe the individual whose license was revoked was driving while intoxicated.

*Furne,* 238 S.W.3d at 181 (citations omitted).

■ To establish a prima facie case under section 302.505, RSMo Cum.Supp.2008, the Director must establish that Mullen was arrested upon probable cause to believe that he was driving a motor vehicle while the alcohol concentration in his blood was .08 percent or more. *Murphy v. Dir. of Revenue,* 170 S.W.3d 507, 509–10 (Mo. App.2005). Although not expressly required by section 302.505, the Director must also establish that the person arrested was in fact the driver of the vehicle, as "this is the necessary intendment of the

statute[.]" *Hampton v. Dir. of Revenue,* 22 S.W.3d 217, 220 (Mo.App.2000); *see also Collins v. Dir. of Revenue,* 691 S.W.2d 246, 251–52 (Mo. banc 1985). "Proof that the person was driving or operating the vehicle ... is essential, but such may be established by circumstantial evidence." *Smith v. Dir. of Revenue,* 77 S.W.3d 120, 123 (Mo.App.2002). Once the Director has established a prima facie case, the burden is on Mullen to rebut the Director's prima facie case by a preponderance of the evidence. *Kimbrell v. Dir. of Revenue,* 192 S.W.3d 712, 715 (Mo.App.2006).

■ In his sole point on appeal, the Director asserts that she established a prima facie case, which Mullen failed to rebut, that Mullen was arrested upon probable cause to believe that he was driving a motor vehicle while the alcohol concentration in his blood exceeded the legal limit. In particular, the Director contends that the circuit court erred in concluding that Lutjen lacked probable cause to believe that Mullen was driving the vehicle that was involved in the accident. We disagree.

■ In determining whether an officer has probable cause to believe that a person is driving while intoxicated, the courts must evaluate the evidence from the viewpoint of a cautious, trained, and prudent police officer at the scene at the time of the arrest. *York v. Dir. of Revenue,* 186 S.W.3d 267, 270 (Mo. banc 2006). Probable cause, therefore, must be based on information in the officer's possession at the time of the arrest, not on information acquired after the fact. *Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 621 (Mo. banc 2002).

In this case, the circuit court explicitly stated that it found the following evidence "to be credible and supportive of the Court's ruling":

8. Prior to placing [Mullen] under arrest, Corporal Lutjen did not ask [Mullen] whether or not he was operating the vehicle at the time of the accident.

9. [Mullen] never admitted or gave any indication that he was operating the vehicle.

10. Prior to placing [Mullen] under arrest, Corporal Lutjen did not ask any other individuals whether or not [Mullen] was driving the vehicle at the time of the accident.

11. Prior to placing [Mullen] under arrest, Corporal Lutjen did not undertake any effort to determine whether or not there were any other individuals involved in the accident or if there was anyone else who had been driving or occupying the overturned vehicle.

12. Prior to placing [Mullen] under arrest, Corporal Lutjen was not told by any individual that [Mullen] was operating the vehicle at the time of the accident.

At trial, Lutjen testified that, when he arrived at the scene, he walked directly from his vehicle to Mullen and did not stop to talk anyone. He then said that, after a short conversation with Mullen, he placed Mullen under arrest. Before arresting Mullen, Lutjen did nothing to confirm who was driving the vehicle and did nothing to confirm whether anyone else was involved in the accident. *Cf. Smith,* 77 S.W.3d at 123 (evidence established that officers searched the area for other persons who may have been riding in the overturned truck but found no one), and *Heskett v. Dir. of Revenue,* 62 S.W.3d 103, 106 (Mo. App.2001) (evidence established that no other injured people were in the area).

The facts that Lutjen possessed prior to Mullen's arrest supported a conclusion that Mullen was intoxicated at the time of the arrest, but the evidence did not establish that Lutjen had sufficient information at the time of the arrest to have probable cause to believe that Mullen was driving

the motor vehicle. *Bain v. Dir. of Revenue,* 69 S.W.3d 117, 121 (Mo.App.2002), *overruled in part by Verdoorn v. Dir. of Revenue,* 119 S.W.3d 543 (Mo. banc 2003) (evidence was insufficient to establish that the officer had probable cause to arrest Bain for driving while intoxicated because the only information the officer possessed prior to arresting Bain was that a van had crossed the center line of a highway and had struck a southbound vehicle, that Bain was the only person found in the van after the accident, that Bain's eyes were bloodshot, that Bain's speech was slurred, that Bain's breath smelled of alcohol, that Bain admitted that he had drunk a few beers, and that Bain failed the one-leg stand field sobriety test). The record in this case shows that the only information Lutjen possessed prior to arresting Mullen was that a white Ford pickup truck was lying on its top in a hay field, that Mullen was lying on a backboard near the passenger side of the overturned truck and was being treated by paramedics, that the overturned truck belonged to Hilty Quarries, Inc., that Mullen's eyes were bloodshot and watery, that Mullen's speech was slurred and mumbled, that a strong odor of intoxicants was present on or about Mullen's person, that Mullen told Lutjen that he had consumed six margaritas, and that a preliminary breath test performed on Mullen while he was lying on his back indicated that Mullen's blood alcohol content was in excess of the legal limit. This information was insufficient to establish that Lutjen had probable cause to believe that Mullen was driving the motor vehicle.

The Director points out that Lutjen did testify that, before arresting Mullen, he canvassed the area to make sure that no other victims were involved in the accident and reached the conclusion that no other person had been involved in the accident. The circuit court, however, did not believe Lutjen's testimony because the circuit court expressly found that, before arresting Mullen, Lutjen "did not undertake any effort to determine whether or not there were any other individuals involved in the accident or if there was anyone else who had been driving or occupying the overturned vehicle." Resolution of conflicts in a witness's testimony is for the circuit court to resolve. *Engelage v. Dir. of Revenue,* 197 S.W.3d 197, 198 (Mo. App.2006). The circuit court is free to believe none, part, or all of a witness's testimony. *Id.*

The circuit court found that, prior to placing Mullen under arrest, Lutjen did not possess probable cause to believe that Mullen was the driver of the truck at the time of the accident. The mere fact that this court might reach a different conclusion on the same evidence does not mean that the circuit court erred. We, therefore, affirm the circuit court's judgment setting aside the Director's suspension of Mullen's driving license for driving while intoxicated.

All concur.