John McDowell WESLEY, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. SD 29533.

Missouri Court of Appeals,
Southern District,
Division Two.

May 5, 2010.

Chris Koster, Atty. Gen., Curtis D. Lashley, Special Asst. Atty. Gen., Kansas City, for appellant.

Robert E. Childress, Springfield, for respondent.

MICHAEL J. CORDONNIER, Special Judge.

The Director of Revenue (Director) suspended the driving privileges of John McDowell Wesley (Wesley) pursuant to § 302.505 [1] following Wesley's arrest for operating a motor vehicle in an intoxicated condition in violation of a local ordinance. Wesley filed a petition for trial de novo review in the Circuit Court of Cedar County. Following trial, the circuit court issued a judgment in favor of Wesley and against Director. Director appeals from the circuit court's decision. We affirm.

*Facts*

Director's evidence at trial included the testimony of Deputy Sheriff Frank Brumfield of the Cedar County Sheriff's Office (Deputy Brumfield). As relevant to the issues on appeal, he testified as follows.

At approximately 2:00 a.m. on August 20, 2006, Deputy Brumfield observed a vehicle with nonfunctioning tail lights traveling north on Missouri Highway 39 inside the city limits of Stockton, Missouri. Deputy Brumfield initiated a traffic stop of the vehicle, which was driven by Wesley. Deputy Brumfield testified that upon making contact with Wesley, he noticed a moderate odor of alcohol coming from inside the vehicle and observed that Wesley's speech was slurred and his eyes were watery and bloodshot. Wesley also had some difficulty locating his driver's license in his wallet. Deputy Brumfield stated that "[e]ven though I could see [the license] plainly sitting in the wallet, [Wesley] passed by it two times, and the third try he was able to locate it and give it to me." However, Deputy Brumfield also stated that Wesley's wallet contained "a lot of papers and miscellaneous stuff." When asked whether he had consumed any alcohol, Wesley responded that he had had two beers.

Based on his observations, Deputy Brumfield asked Wesley to submit to field

---

1. References to § 302.505 are to RSMo Cum. Supp.2006.

sobriety tests. Wesley was cooperative. According to Deputy Brumfield, as Wesley was exiting the vehicle, "he opened the door, he stepped out, fell back into the open door, and then he walked with me to the rear of the car—or the front of the truck, I believe."

Deputy Brumfield testified that he administered two field sobriety tests: the horizontal gaze nystagmus (HGN) test and the walk-and-turn test. With respect to the HGN test, counsel for Wesley objected to Deputy Brumfield's testimony and to the admission of Deputy Brumfield's report due to lack of foundation. In response, counsel for Director ultimately stated, "I have no objection to the—his objection on the HGN, and it can be kept out." As for the walk-and-turn test, Deputy Brumfield testified that Wesley "failed seven points" and "[a]fter the first nine steps, he said, 'I'm done,' and he didn't complete it."

Wesley's case-in-chief consisted of the testimony of his wife, Barbara, who was riding as a passenger in the vehicle at the time of the stop. She testified that Wesley's speech was not slurred and that Wesley was not swaying or stumbling. Further, she testified:

A. My husband wears slick-bottomed cowboy boots and I'd just bought him shoes this week because I get tired of it. They—He doesn't walk very well in them. He likes the look of pointed toe cowboy boots that went out 20 years ago, but—

Q. Okay.

A. That's the only thing I can think of that would have caused any stumbling.

In its judgment, the trial court found, based upon its assessment of the credibility of the evidence, that "there was not probable cause to arrest [Wesley]." [2]

### Standard of Review

This court will affirm the trial court's judgment unless it is unsupported by substantial evidence, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). In assessing the sufficiency of the evidence, we view the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the trial court's judgment. *Findley v. Director of Revenue*, 204 S.W.3d 722, 725 (Mo.App.2006). We defer to the trial court's determination of credibility. *Verdoorn v. Director of Revenue*, 119 S.W.3d 543, 545 (Mo.banc 2003). Where the facts of the case are contested, we defer to the trial court's determinations regarding those facts. *Fick v. Director of Revenue*, 240 S.W.3d 688, 690 (Mo.banc 2007); *Guhr v. Director of Revenue*, 228 S.W.3d 581, 585 n. 3 (Mo.banc 2007). "We consider all fact issues upon which no specific findings were made to have been found in accordance with the result reached." *Findley*, 204 S.W.3d at 725.

### Discussion

■■■ Section 302.505.1 permits the department of revenue to suspend or revoke the driver's license of any person

---

**2.** The trial court also found that "[Wesley's] blood alcohol level was not .080% or above at the time of operation of the motor vehicle." Director, in two points relied on, challenges both the finding of no probable cause to arrest (Point I) and the finding that Wesley's blood alcohol concentration did not exceed the legal limit (Point II). As indicated below, because we have determined that the trial court did not err in finding no probable cause to arrest, we do not reach the issue concerning Wesley's blood alcohol concentration and Director's second point relied on is moot.

arrested upon probable cause of driving while intoxicated. An aggrieved driver can seek a trial de novo. At the trial the court must determine whether the suspension or revocation is supported by evidence that: (1) the driver was arrested upon probable cause for violating an alcohol-related offense; and (2) the driver's blood alcohol concentration exceeded the legal limit.... The "burden of proof" is on the director of revenue to establish grounds for the suspension or revocation by a preponderance of the evidence.

*Verdoorn,* 119 S.W.3d at 545.

Director's first point relied on states:

The trial court erred in holding that there was no probable cause to arrest Mr. Wesley for driving ... while intoxicated and thus setting aside the suspension of Mr. Wesley's driving privileges because Deputy Brumfield's observations and field sobriety test constituted probable cause, in that Mr. Wesley admitted drinking; he had a moderate odor of alcohol on his breath; his eyes were bloodshot and watery; he had trouble locating his driver's license and he was unable to successfully perform the walk and turn test.

In its argument, Director contends that the *uncontroverted* evidence in this case demonstrated sufficient indicia of intoxication to establish probable cause for Wesley's arrest. The uncontroverted evidence cited by Director essentially consists of the portions of Director's evidence not contradicted by the testimony of Barbara Wesley. Focusing solely on this evidence, Director concludes that "[t]he trial court's finding of no probable cause to arrest has

misapplied the law and its judgment is unsupported by the evidence."

Essentially, to accept Director's argument would require this court to hold that the trial court is entitled to no deference in determining the weight and credibility of uncontroverted evidence. Such a holding would, in our view, be contrary to the decisions of the Supreme Court in *Guhr, supra, York v. Director of Revenue,* 186 S.W.3d 267 (Mo.banc 2006), and *Hinnah v. Director of Revenue,* 77 S.W.3d 616 (Mo. banc 2002), for the reasons set forth in *Furne v. Director of Revenue,* 238 S.W.3d 177 (Mo.App.2007). Here, as in *Furne,* Director's argument "fails to perceive the distinction between uncontradicted evidence and uncontested facts." *Furne,* 238 S.W.3d at 181; *see White v. Director of Revenue,* 255 S.W.3d 571, 577 (Mo.App. 2008).

As *Guhr* makes clear, the trial court is free to disbelieve even uncontradicted evidence and testimony, and it is only where the facts are uncontested, and not where the evidence is not contradicted, where no deference is due to the trial court. Thus, even where the evidence is not contradicted, unless the facts of the case are not contested in any way, this Court must give deference to the trial court's determination as to whether the evidence established reasonable cause to believe the individual whose license was revoked was driving while intoxicated. *Furne,* 238 S.W.3d at 181 (citations omitted).

■■■ The facts of this case were contested. Wesley did not concede Director's evidence. Rather, he sought to discredit Director's evidence through cross-examination of Director's witnesses.[3] *See White,*

---

**3.** In addition to Deputy Brumfield, Director also presented the testimony of a Missouri State Highway Patrol trooper. The trooper's testimony was directed to issues concerning

Wesley's blood alcohol level. Because we do not reach those issues, we have omitted his testimony from the facts of this opinion. Nevertheless, it is appropriate to note that Wesley

255 S.W.3d at 577–78. Further, he presented witness testimony to contradict Director's evidence. Because the facts were contested, we "must defer to the trial court's determination of the facts because it was free to disbelieve any of the contested evidence, even if it was uncontroverted." *Id.* at 578. Simply stated, " '[T]he trier of facts has the right to disbelieve evidence, even when it is not contradicted.'" *Guhr,* 228 at 585 n. 3 (quoting *Healthcare Services of the Ozarks, Inc. v. Copeland,* 198 S.W.3d 604, 616 (Mo.banc 2006)).

In this case, the evidence could support a finding of probable cause to arrest, or could support a finding of no probable cause to arrest. The determination is dependent upon the weight given to the evidence presented. "In such an instance, we defer to the factual finding made by the trial court." *Furne,* 238 S.W.3d at 182; *see Guhr,* 228 S.W.3d at 585 n. 3; *York,* 186 S.W.3d at 272; *Hinnah,* 77 S.W.3d at 622. Thus, under the applicable standard of review, we must defer to the trial court's credibility findings, its weighing of the evidence, and its resultant determination that Deputy Brumfield lacked probable cause to arrest Wesley for driving while intoxicated. *See Furne,* 238 S.W.3d at 182.

The judgment is affirmed.

SCOTT, C.J., and LYNCH, P.J., concur.

cross-examined the trooper, as well as Deputy    Brumfield.