Kristin R. ROZIER, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. WD 68534.

Missouri Court of Appeals, Western District.

Sept. 30, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 25, 2008.

Application for Transfer Denied Jan. 27, 2009.

Sharie Hahn, Jefferson City, MO, for appellant.

Jonathan Sternberg, Kansas City, MO, for respondent.

Before HAROLD L. LOWENSTEIN, Presiding Judge, PAUL M. SPINDEN, Judge and VICTOR C. HOWARD, Judge.

VICTOR C. HOWARD, Judge.

Kristin Rozier was arrested after being stopped at a sobriety checkpoint. The Missouri of Department of Revenue (DOR) later notified Ms. Rozier that her license would be suspended pursuant to section 302.505.1, RSMo Cum.Supp.2007. Ms. Rozier appealed the DOR's decision, and the trial court reversed the suspension stating that the officer did not have probable cause to arrest Ms. Rozier. On appeal, the DOR claims that the trial court's decision is against the weight of the evidence and is not supported by substantial evidence and. The trial court's judgment is reversed, and the case is remanded with direction to enter judgment in favor of DOR.

### Facts Presented to Trial Court

On September 11, 2005, Ms. Rozier was stopped at a sobriety checkpoint in Kansas City, Missouri. The stop took place at approximately 3:12 a.m. The line officer that approached her car was Officer Francis Collins. Officer Collins asked Ms. Rozier if she had been drinking that night. If a driver responded that they had been drinking or appeared to have been drinking, they were asked to exit their vehicle and submit to field sobriety tests. Ms. Rozier told Officer Collins that she "had a couple glasses of wine earlier."

On his DUI Checkpoint Information Sheet, Officer Collins noted that he detected a faint odor of alcoholic beverage on Rozier's breath, her eyes were watery, she swayed when she was walking or balancing, she swayed while turning, and her

speech was slurred. Ms. Rozier submitted to taking three field sobriety tests: the Horizontal Gaze Nystagmus (HGN) test, the walk-and-turn test, and the one-leg stand test. All of the tests were video-taped, and the tape was admitted into evidence for the trial court to view.

The first test administered was the HGN test. When Officer Collins asked if Rozier had any problems with her eyes, she told him that she had just gotten in on the "red eye" at 1:30 a.m. and had been at "the Old Man charity deal and run the whole thing" so her eyes were "extremely dry." Officer Collins noted in his report that Ms. Rozier's eyes tracked equally and that her pupils were of equal size. He found that there was no smooth pursuit of either her right or left eye. In the video, Officer Collins reminds Ms. Rozier a couple of times to follow the tip of his finger. During cross-examination, Officer Collins testified that he did not observe all the "tells" in the HGN test, but that every person is different.

The second test was the walk-and-turn. In his report, Officer Collins noted that Ms. Rozier failed to maintain the heel-to-toe stance, started the test prior to him giving her instructions, had to stop to steady herself, lost her balance while walking, stepped off the line, had to use her arms for balance, failed to make the correct number of steps, and made an improper turn. During cross-examination, Officer Collins stated that Ms. Rozier failed eight of the nine clues. In the video, Ms. Rozier is seen weaving while being given instructions, starting early, having trouble following Officer Collin's instructions, and significantly stepping off the line.

The third test given was the one-leg stand. Officer Collins noted in his report that Ms. Rozier had trouble balancing and, even though she had been instructed not

to, she used her arms to balance herself. In the video, Ms. Rozier is seen having problems lifting her leg to the height instructed and having to be reminded to do so. She is also seen weaving and putting her arms out to balance herself. During cross-examination, Officer Collins testified that Ms. Rozier failed two of the five clues during the one-leg stand.

Following the field sobriety tests, the video shows Officer Collins approaching another group of officers. He requested one of them to administer a preliminary breath test. Officer Collins is heard noting that he is "not sure what is going on" and that he is not sure if she "is under the influence of alcohol or whatever." He does state that she was not able to follow instructions and had trouble following his finger during the HGN test.

Officer Eric Enderson then attempted to administer the preliminary breath test. Officer Collins testified that the preliminary breath test gave "no result" because Ms. Rozier did not "give a valid sample." Officer Randall Vestal, the processing officer on the scene, testified that the preliminary breath test will not give a reading if the subject does not blow into the machine properly.

After the preliminary breath test failed to give a result, Officer Enderson told Officer Collins that it "is up to you." On the video, Officer Collins is seen observing and talking to Ms. Rozier for another four minutes. He then tells her that, based on what he has observed, he believes that she is under the influence and that she is being placed under arrest. Throughout the video, Ms. Rozier is heard asking to go home and stating that she has had a long night at a charity event. She is also seen frequently weaving while standing. Officer Collins testified at trial that based on his observations and experience, he believed

Ms. Rozier was under the influence of an intoxicating beverage.

After Ms. Rozier's arrest, Officer Vestal administered a breath test. The breath test showed that her blood alcohol content was .175 percent. Ms. Rozier was issued a citation for "operat[ing] a motor vehicle while under the influence of an alcoholic beverage with a BAC of .08% or more (.175%)."

On November 15, 2005, DOR notified Ms. Rozier that beginning November 30, 2005, her driving privileges would be suspended for thirty days, followed by sixty days of restricted driving. Ms. Rozier filed a petition for review, challenging the DOR's suspension of her license. Following a court hearing on January 11, 2007, the trial court entered its judgment ruling that Ms. Rozier "was not arrested upon probable cause for driving while intoxicated" and ordering that her driving privileges be reinstated. This appeal follows.

## Standard of Review

■ Our standard of review for a court tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Guhr v. Dir. of Revenue*, 228 S.W.3d 581, 584 (Mo. banc 2007). "This Court will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Id.* "Since this is a case in which the trial court found there was no probable cause, this Court must determine whether there was evidence of probable cause and, if so, whether the trial court's judgment was against the weight of that evidence." *Id.*

## Point on Appeal

In her sole point on appeal, the DOR contends that the trial court's judgment is against the weight of the evidence and is not supported by substantial evidence because the facts and circumstances known to Officer Collins would warrant a prudent, cautious police officer to believe that Ms. Rozier had committed the offense of driving while intoxicated.

## Probable Cause

■ To establish a prima facie case for suspension of a driving license under section 302.505, the director must present evidence showing (1) probable cause for the arrest and, (2) the driver's blood alcohol level exceeded the legal limit. *Vanderpool v. Director of Revenue*, 226 S.W.3d 108, 109 (Mo. banc 2007) (citation and internal quotations omitted). "Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 621 (Mo. banc 2002). Accordingly, " '[t]he trial court must assess the facts by viewing the situation as it would have appeared to a prudent, cautious, and trained police officer.' " *York v. Dir. of Revenue*, 186 S.W.3d 267, 270 (Mo. banc 2006)(quoting *Brown v. Dir. of Revenue*, 85 S.W.3d 1, 3 (Mo. banc 2002)).

Officer Collins testified that when she was first stopped, Ms. Rozier admitted to having had some alcoholic beverages that evening. Officer Collins testified that he detected a faint odor of an alcoholic beverage on her breath, her eyes were watery, her speech was slurred, and she had trouble walking and balancing. He further testified that she had trouble during the HGN test, that she failed eight of the nine clues during the walk-and-turn test, and failed two of the five clues during the one-leg stand test. While Officer Collins' testimony was challenged on cross-examination, and the trial court was free to disbe-

lieve his testimony, *Guhr*, 228 S.W.3d at 585 n. 3, Ms. Rozier did not challenge the accuracy of the videotape in recounting her appearance, responses to questions, and performance on the walk-and-turn and one-leg stand tests. In fact, Ms. Rozier offered the videotape into evidence and asked the trial court to watch it carefully in making its assessment of probable cause. Thus, none of what is depicted on the tape is contested in any way.

On the video, Ms. Rozier slurs words, sways, staggers, constantly repeats herself, and has repeated problems remembering and following the instructions given to her by the officer. Furthermore, her inability to properly perform the walk-and-turn test and the one-leg test are readily apparent.

Ms. Rozier claims that we must defer to the trial court's discretionary determination of probable cause in light of Officer Collins's own equivocation on the issue during the video. While some of the officer's comments might support a finding that he was uncertain whether he had probable cause to arrest Ms. Rozier,[1] the standard to be applied is what a prudent person would believe. *Hinnah*, 77 S.W.3d at 621. A prudent officer observing Ms. Rozier's actions, comments, and behavior as depicted on the videotape would certainly believe that Ms. Rozier had been driving under the influence. Thus, the finding that Officer Collins did not have reasonable grounds to believe that Ms. Rozier was intoxicated is against the weight of the evidence.

The judgment of the trial court is reversed. The case is remanded with directions to enter judgment in favor of the DOR, reinstating the suspension of Ms. Rozier's license.

All concur.

---

1. The record reflects that Officer Collins had only been a police officer for a little over four months, had only worked one previous DUI stop, and had only arrested three to six other individuals for DUI prior to this incident.