**Richard R. KORTE, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. SD 31180.**

Missouri Court of Appeals, Southern District, Division Two.

Oct. 25, 2011.

---

Chris Koster, Attorney General and Jamie P. Rasmussen, Assistant Attorney General, Jefferson City, MO, for Appellant.

Stephen K. Paulus, Cuba, MO for Respondent.

WILLIAM W. FRANCIS, JR.,
Presiding Judge.

The Director of Revenue ("DOR") appeals the trial court's judgment reinstating Richard R. Korte's ("Korte") driver's license. The DOR argues the trial court misapplied the law because the DOR established that revocation based on Korte's refusal to submit to a breath test was proper. We agree and reverse the trial court's judgment.

## Facts and Procedural History

On July 24, 2010, Officer Zachary Driskill ("Officer Driskill"), of the Crawford County Sheriff's Department, observed a Jeep Cherokee traveling at 41 miles per hour in a posted 30–mile–per–hour speed zone. Officer Driskill activated his emergency lights and siren attempting to stop the vehicle; however, the vehicle failed to yield and accelerated. The vehicle finally stopped after another vehicle would not allow it to pass. Officer Driskill removed Korte-the driver-from the vehicle and placed him in wrist restraints. While walking Korte to his patrol vehicle, Officer Driskill detected a strong odor of intoxicants and noticed Korte's eyes were watery and bloodshot. Once in the patrol car, Officer Driskill informed Korte of his *Miranda*[1] rights and Korte stated he understood. Korte responded that he sped away from Officer Driskill because he had just "obtained his Class A License and did not want to lose it." Officer Driskill asked if that was because he had been drinking, and Korte answered it was. Officer Driskill then asked Korte to complete three field sobriety tests; Korte's performance on two of the tests indicated signs of intoxication. Korte began the third test but stopped and refused to complete the test.

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The records indicate Korte was arrested at 3:02 a.m., for driving while intoxicated.

Officer Driskill's incident report showed Korte was again informed of his *Miranda* rights at 4:44 a.m. When Officer Driskill asked Korte if he understood, Korte replied that "if he had understood them correctly he did not have to answer that." On the "Alcohol Influence Report" ("AIR"), Officer Driskill checked a box indicating Korte did not understand the *Miranda* rights that had been explained to him. At 4:45 a.m., Officer Driskill informed Korte of the consequences of refusing to submit to a chemical test under Missouri's Implied Consent Law.[2] Korte subsequently refused to submit to a chemical test of his breath. Korte additionally refused to answer any of the interview questions from the AIR. Officer Driskill also checked the boxes on the AIR indicating he had informed Korte that: (1) Korte was under arrest; (2) Officer Driskill was requesting a breath test to determine the alcohol content of Korte's blood; (3) Korte's license would be revoked for one year if he refused; and (4) evidence of the refusal could be used against Korte in court.

The DOR revoked Korte's driving privileges, pursuant to section 577.041,[3] and Korte filed a petition for review. On November 16, 2010, at the trial *de novo*, the DOR offered "Exhibit A" which included, *inter alia*, the AIR, the incident report, and the probable cause statement. Korte objected only to the hearsay nature of the evidence and that he did not receive the documents until the morning of trial. No challenge was made to the content of the written record. Exhibit A was the only evidence presented by either party at trial. Korte did not present any evidence or challenge the DOR's evidence in any way. Korte did, however, set forth two legal arguments in support of reinstating his license: (1) that the DOR could not rely on the implied consent because Korte stated he did not understand his *Miranda* rights, and (2) that Officer Driskill's request was invalid because it was not made within ninety minutes of the arrest.

The trial court granted Korte's petition and ordered Korte's license be reinstated and the revocation "be held for naught as if it never existed and removed from [Korte's] driving record." The judgment is silent as to accuracy or credibility of the evidence. This appeal followed.

The DOR's sole point relied on contends the trial court misapplied the law in reinstating Korte's license because the DOR established revocation was proper in that the evidence was uncontested that Korte was arrested based upon reasonable grounds to suspect Korte had been driving a vehicle while intoxicated and subsequently refused to submit to a breath test. Korte's response also only presents a legal question for our review; Korte argues the trial court's ruling was correct because the request to submit to a chemical test occurred one hour and forty-three minutes after Korte's arrest and, thus, did not con-

---

**2.** Any person in Missouri who drives on public highways is deemed to have consented to a *chemical test* in order to determine the alcohol or drug content of the driver's blood after being arrested "for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while in an intoxicated or drugged condition[.]" § 577.020.1. If the driver refuses a chemical test, the officer is to forward a sworn report to the DOR. § 577.041.2. The DOR is then required to revoke the individual's driving privileges for one year. § 577.041.3; *see Hager v. Director of Revenue*, 284 S.W.3d 192, 193 (Mo.App. S.D.2009).

**3.** Unless otherwise indicated, all references to section 577.041 are to RSMo Cum.Supp.2009, and all other statutory references are to RSMo 2000.

stitute a valid and lawful request to submit to a chemical test under section 577.041. Therefore, the sole issue for our determination is whether the trial court misapplied the law in reinstating Korte's license under section 577.041.

### Standard of Review

"In appeals from a court-tried civil case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *White v. Dir. of Revenue,* 321 S.W.3d 298, 307–08 (Mo. banc 2010).[4] In cases where the evidence is uncontested, "the only question before the appellate court is whether the trial court drew the proper legal conclusions from the facts stipulated." *Id.*

### Analysis

When a person's license has been suspended based on that person's refusal to submit to a chemical test for blood alcohol content, review by the circuit court is expressly limited to an inquiry of whether or not: (1) the person was arrested or stopped; (2) the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) the person refused to submit to the test. § 577.041.4. "If the court determines any issue not to be in the affirmative, the court shall order the director to reinstate the license or permit to drive." § 577.041.5. The evidence adduced as to each of these elements was uncontested and after review of the record, we find the trial court mis-

applied the law in reinstating Korte's license.

■ First, the DOR was required to establish Korte was arrested or stopped. § 577.041.4(1). "Arrest" is defined as "an actual restraint of the person of the defendant, or by his submission to the custody of the officer, under authority of a warrant or otherwise." § 544.180. Here, the uncontested facts from Officer Driskill's report—indicating he placed Korte in wrist restraints, placed him in the patrol car, informed Korte of his *Miranda* rights, and transported him to jail—demonstrated that Korte was arrested. Thus, the trial court could not have concluded Korte had not been arrested.

■ Second, the DOR must also establish that the arresting officer had reasonable grounds to believe Korte was driving while intoxicated. § 577.041.4(2)(a). "Reasonable grounds" is virtually synonymous with "probable cause" for arrest for driving while intoxicated. *White,* 321 S.W.3d at 305 n. 6.

> 'Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense.... There is no precise test for determining whether probable cause exists; rather, it is based on the particular facts and circumstances of the individual case.'

*Id.* at 312 (quoting *Guhr v. Dir. of Revenue,* 228 S.W.3d 581, 584–85 (Mo. banc 2007)).

Here, Officer Driskill observed a traffic violation and Korte's continued accelera-

---

4. *White* involved the review of a driver's license suspension under section 302.535, rather than the review of a revocation under section 577.041, as here. Because of the similarities in these statutes, however, our supreme court "has cited to section 577.041 cases interchangeably with section 302.535 cases when discussing the issues related to probable cause, the standard of review, and the deference given to implicit and explicit factual findings." 321 S.W.3d at 305 n. 6. We do likewise in this opinion.

tion following Officer Driskill's activation of emergency lights and siren. When Korte finally pulled over, Officer Driskill noticed a strong smell of intoxicants, bloodshot/watery eyes, and an unsteady gait. Korte also admitted to drinking, failed two of the three field sobriety tests, and began the third test but stopped and refused to complete it. These uncontested facts also do not warrant a legal conclusion that Officer Driskill did not have reasonable grounds for finding Korte was intoxicated.

■ Finally, the DOR must establish refusal under section 577.041.4(3). "A 'refusal' occurs when a person fails, of his or her own volition, to do what is necessary in order for the test at issue to be performed." *Bruce v. Dept. of Revenue*, 323 S.W.3d 116, 121 (Mo.App. W.D.2010). Here, the uncontested evidence showed that Officer Driskill advised Korte of his rights and responsibilities under Missouri's Implied Consent Law. Officer Driskill then asked Korte if he would take the test and Korte refused. This uncontested evidence established that Korte refused to submit to a chemical test to determine his blood alcohol content.

■ Korte's sole legal argument for affirming the trial court's judgment is that "THE REQUEST TO SUBMIT TO A CHEMICAL TEST OCCURRING ONE HOUR AND FORTY–THREE MIN-UTES AFTER [KORTE] HAD BEEN ARRESTED DID NOT CONSTITUTE A VALID AND LAWFUL REQUEST UNDER [SECTION] 577.041 TO SUBMIT TO A CHEMICAL TEST." [5] Korte claims that while "the Supreme Court effectively ended the argument that [section] 577.039 [6] applied to refusals under [section] 577.041, it failed to specify what, if any, time limitations do apply to requests for chemical testing under that section." Korte argues that absent some reasonable time limit, the officer's request for an arrested individual to submit to a chemical test could be made days or months after the person was arrested and renders the statute so unreasonable and vague as to violate Korte's due process rights.

■ "Vagueness" as a due process violation takes two forms: (1) "the lack of notice given a potential offender because the statute is so unclear that persons of common intelligence must necessarily guess at its meaning[ ]"; and (2) "the vagueness doctrine assures that guidance, through explicit standards, will be afforded to those who must apply the statute, avoiding possible arbitrary and discriminatory application." *Conseco Fin. Servicing Corp. v. Missouri Dept. of Revenue*, 195 S.W.3d 410, 415 (Mo. banc 2006) (internal quotation and citation omitted). A vagueness challenge, however, will not be sustained on hypothetical facts. *Id.* "When

---

**5.** Although not argued on appeal, Korte claimed at trial that reinstating his license was proper because the records indicated he did not understand his *Miranda* rights and that this further shows he did not understand any refusal and the ramifications of the refusal. Nevertheless, even assuming this were true, Korte's understanding of his refusal is irrelevant to the determination under section 577.041 of whether Korte had refused to submit to a breath test. *See Cartwright v. Dir. of Revenue*, 824 S.W.2d 38, 41 (Mo.App. W.D. 1991) ("There is nothing in the implied consent law which requires that a refusal be knowing, and an officer is entitled to take a refusal at face value without being required to determine the person's mental capacity to make such decision"). A reasonable person would have perceived Korte's actions to be a refusal.

**6.** In *Ross v. Director of Revenue*, 311 S.W.3d 732 (Mo. banc 2010), our supreme court ruled that section 577.039, which provided a ninety-minute time limitation of the warrantless DWI arrest statute, did not apply to refusals initiated under section 577.041.

reviewing a vagueness challenge, it is not necessary to determine if a situation could be imagined in which the language used might be vague or confusing; the language is to be treated by applying it to the facts at hand." *State v. Self,* 155 S.W.3d 756, 760 (Mo. banc 2005) (internal quotation and citation omitted). Here, the uncontested evidence provides no basis for the trial court to have reached the legal conclusion that Korte was confused or misled by the statute due to the absence of a time standard. Therefore, Korte is misguided in alleging the trial court's opinion was correct for this reason. *See Conseco,* 195 S.W.3d at 415.

Again, under section 577.041.4, the trial court's review was limited to a determination of whether Korte was arrested or stopped, whether Officer Driskill had reasonable grounds to believe Korte was operating the vehicle in an intoxicated state, and whether Korte refused to submit to a chemical test. The DOR established each of these facts through uncontested evidence. Therefore, the trial court's judgment setting aside the revocation and reinstating Korte's driver's license misapplies the law as set forth in section 577.041 and is erroneous. The DOR's point is granted.

The judgment of the trial court is reversed, and the cause is remanded with directions to reinstate the one-year revocation of Korte's driving privileges.

BARNEY and BATES, JJ., concur.